M. L. LONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. E. LONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 81161, 81241. Promulgated November 19, 1936.

*Claude Collard, C. P. A.,* and *Ben M. Davis, Esq.,* for the petitioners.

*B. M. Coon, Esq.,* for the respondent.

OPINION.

LEECH: These consolidated proceedings seek redetermination of income tax deficiencies determined for the year 1931 against the petitioners, M. L. Long and L. E. Long, in the amounts of $484.10 and $983.88, respectively. The issue in each proceeding is the same and is determined by the ascertainment of the basis for gain or loss to the petitioners with respect to a ranch property owned by them jointly and sold in the taxable year.

The facts are stipulated and we include by reference, as our findings of fact, the formal stipulation filed.

Briefly stated, the facts are that the petitioners are brothers and residents of the State of Texas. The mother of the petitioners, Flora T. Long, died testate October 9, 1920, leaving a large estate devised to petitioners and their sister, Alice P. Greer. By the will, no special devise of any particular assets of the estate was made. A one-third interest in the estate in fee simple was given to each of the petitioners and a life interest in the remaining one-third to their sister, with remainder, at her death, to any child or issue then living of a deceased child. In the event of her death with no living descendants the remainder interest went to the two petitioners or their issue in equal portions.

Petitioner L. E. Long was designated as executor of the will. It directed that he take no court action to administer the estate except the probating of the will and the filing of the necessary inventory and appraisement of the estate. After paying the debts the executor was further directed to partition and divide the property of the estate equally among the three beneficiaries in accordance with the provisions of the will.

The estate of the decedent consisted of real and personal property of a net value of $443,449.80. Included in the assets of the estate was a property known as the "Borden County Ranch", which was appraised for Federal estate tax purposes at a value of $95,040. This asset was subject to encumbrances representing indebtedness to the State of Texas in the amount of $6,240.

On April 30, 1921, petitioner L. E. Long, in conformity with the direction of the will, partitioned and set aside to each of the three heirs a share of the estate as representing the interest acquired by each under the will. In conformity with the direction of the will this partition was effected by a joint partition deed executed by the two petitioners and their sister. This partition deed recites the direction of the will for the partition of the property and the fact that the conveyances between the parties thereto are made for the purpose of partitioning and dividing the property of the estate in accordance with the terms, conditions, and stipulations of the will. This partition of the estate is stated in the partition deed as made in accordance with the will by setting apart to Alice P. Greer a life estate, with remainder over to certain real estate in the city of Fort Worth, Texas, as provided in the will, and setting apart to the two petitioners, jointly, and in fee simple, all of the remainder of the estate, real, personal, and mixed.

The partition deed further provides that, for the purpose of carrying into effect the partition of the estate agreed upon as in accordance with the terms of the will, the two petitioners convey to Alice P. Greer a life estate in the Fort Worth city property set apart to her, with remainder over, as provided in the will, and she, in turn, conveys to the two petitioners, jointly, all the remainder of the property of the estate.

On the same date that the partition deed was executed, the two petitioners and their sister entered into a contract providing that the rents from the Fort Worth city property conveyed to her in the partition of the estate, together with the rents from certain other properties set apart and conveyed to the two petitioners, should, until the expiration of a certain lease upon one of these properties, be pooled and the net amount, after payment of taxes, insurance, and incidental repairs to the property, be divided equally among the three parties to

the agreement. In consideration of their sister's agreement to this arrangement the petitioners each agreed to pay her $5,000.

The Borden County Ranch was sold by the petitioners during the taxable year 1931 for a total consideration of $96,189.

In determining the deficiency, the respondent has computed a gain upon the sale of the Borden County Ranch by treating this property as acquired by petitioners, in part, from their sister under the partition deed in consideration of a life interest in two-thirds of the Fort Worth city property set apart to her. Under this theory respondent has computed a value for this life estate in two-thirds of the Fort Worth city property thus acquired by petitioners' sister and has allocated this value against those items of property set apart to the two petitioners. This allocation is made upon the basis of the values of these several properties as appraised for estate tax purposes. In this way he has arrived at a cost of $18,803.05, to petitioners, of a life estate in one-third of the Borden County Ranch. He has added this amount to the value of a two-thirds interest in that property to reach a basis for computation of the gain to petitioners upon sale of the ranch in 1931. In making this computation respondent has included nothing in petitioners' base for the remainder interest in the one-third of the property subject to the life estate in favor of petitioners' sister. This is done upon the theory that the petitioners took merely a contingent and not a vested remainder interest in this one-third under the will.

Petitioners contend that under their mother's will they took in fee simple a two-thirds interest in the Borden County Ranch and also a vested remainder in the remaining one-third subject to be divested in the event of the birth of a child to their sister.

We are of the opinion that both the petitioners and the respondent are in error in their computations of the cost base to petitioners of the Borden County Ranch. They have treated the execution of the partition deed as a transaction of purchase and sale of property with a resulting complicated, and at best, uncertain computation of gain or loss with respect to each item of property involved.

We do not think the transaction is to be so viewed. It can not be reasonably questioned, had the parties submitted the partition of the estate to the court and agreed to a decree setting aside to each party certain of the assets of the estate as constituting a fair and equitable division in accordance with the general devise of the will, that each of the heirs would have then taken the property assigned, set aside, and conveyed by decree of court, as property received under the will and, consequently, with bases for purposes of computing gain on resale, in the amounts at which these several items of property were appraised for Federal estate tax purposes.

98

The partition deed, executed by the three beneficiaries under the will, did nothing more than effect a similar partition of the property. It was manifestly not a transaction entered into for profit. It was not a purchase and sale of property in the ordinary sense, but was simply a transaction carried out to effect a partition of the estate and vest title to the partitioned properties in the several beneficiaries in a manner that would cause an absolutely equal division, without loss or gain, and thus effect the disposition of the property made by the will. As such it was no more than an incident in the administration of the estate. We are not concerned here with the technical question of deraignment of title but merely the actual source from which the petitioners acquired the Borden County Ranch. In our view this property, of which they stood possessed after the administration of their mother's estate through the execution of the partition deed, was acquired by them under her will and their basis for gain or loss on its disposition was the same as if it had been set aside and conveyed to them by decree of court in a formal administration of the estate. Cf. *Marie Minor Sanborn et al., Executors*, 33 B. T. A. 1120.

As stated, both the petitioners and the respondent, in their computation of gain or loss on the resale of this property, have treated the execution of the partition deed as a transaction giving rise to gain or loss and have attempted to compute values for the interests in the various properties involved in that conveyance. Their computations differ in result for the reason that the respondent fails to include in petitioners' basis any amount as representing the remainder interest in one-third of the Borden County Ranch, whereas the petitioners have computed a value for this interest, as well as including in the cost of the life interest in one-third of the property an amount representing a portion of the $10,000 paid their sister under the contract covering the pooling of rents from the several town properties. This payment is allocated to the properties set apart to the petitioners in the proportion that each property bears to the total thus received. The respondent in his computation also reduces petitioners' cost basis by an item of $13,365.20 as representing a loss sustained in the destruction of a ranch house by fire and depreciation sustained on the property subsequent to. its acquisition by petitioners. This item is not reflected in the computation by petitioners under which they determined a loss as resulting from the sale of the property but the petitioners do not deny the fact of loss or depreciation nor is there any testimony disproving the item either in its character or amount.

It is evident to us that these computations of both respondent and the petitioners are incorrect. Even though we consider the execution of the partition deed as affecting such dispositions of property as to

give rise to gain or loss, the result is a cost basis for the Borden Ranch in the hands of petitioners in the amount of its net value as appraised for estate tax purposes. The record shows that at the time of the execution of the partition deed the values of the various properties of the estate had not changed from the date of their appraisement for estate tax purposes, so that we are concerned here with cost bases constituting appraised values, as of the date of death of petitioners' mother. Further, the execution of the partition deed was with the purpose of reaching a definite result. That was an exactly equal partition which would leave the beneficiaries possessed of the interest devised to each under the will, or, in other words, a division without gain or loss. In the absence of evidence to the contrary we assume that this object was effected and the division made without gain or loss to any one concerned, and for that which each party to the transaction gave up he or she received an equal value in return. Under such conditions the basis for gain or loss of each item of property would be exactly offset by property conveyed at an equal basis, since cost and value were the same, and the several transfers would result in no change of base as to the properties of which the several parties stood possessed after the execution of the partition deed. It would necessarily follow that the two petitioners would take the Borden County Ranch at the value for which assessed for estate tax purposes, or $95,040, less the encumbrance of $6,240, because it was acquired by them subject to this encumbrance. This property would therefore have a basis of $88,800 for gain or loss on resale by them. This basis should be increased by $6,240, representing the encumbrance which they later paid off, and also by the sum of $600, admittedly expended by them on the ranch subsequent to its acquisition. The total, so computed, should be reduced by the sum of $13,365.20, since this item, used by respondent in his computation of the cost basis, has not been disproved by petitioners.

The contention of petitioners, that the $10,000 paid their sister by them under the contract providing for the limited pooling of the rents upon the city properties should be considered as constituting, in part, a cost to them of the Borden County Ranch, is without merit. There is nothing in the agreement which indicates that this payment was, to any extent, consideration for the execution of the partition deed. The contract under which it was paid was merely an agreement between the parties to pool the rents of certain city properties and divide them equally for a given period. The properties involved, belonging to the two petitioners, were of less rental value than those set apart to their sister and the payment, in question, appears to be no more than an adjustment on account of such difference.

*Judgment will be entered under Rule 50.*